UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JEFFREY D. WEST,                    )
                                    )
                 Petitioner,        )
                                    )
vs.                                 )   Case 2:13-cv-130-WTL-WGH
                                    )
CARRAWAY, Warden,                   )
                                    )
                 Respondent.        )

**Entry and Order Dismissing Action**

**I.**

Jeffrey West is confined in this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on his claims that he was improperly sentenced by a federal court and that the Bureau of Prisons ("BOP") has improperly calculated his sentence imposed by that federal court.

The pleadings and the expanded record establish the following: On March 8, 2004, West was sentenced to a term of imprisonment by an Illinois state court in No. 242002CF153 based on his conviction for a drug offense. While serving this term of imprisonment, West was indicted in federal court in the Southern District of Illinois and on July 27, 2004, was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum. He remained in federal custody until sentenced in federal court on September 18, 2006. At the time of West's federal sentencing, the district court credited him with 1,134 days for time served on related, undischarged terms of imprisonment in two State of Illinois cases (cause numbers 02-CF-153 and 03-179), in

conformity with USSG § 5G1.3(b). The district court also ordered that West's federal sentence (hereafter "the federal sentence") to run concurrent with the Illinois sentences. The federal sentence was lowered on July 20, 2009, pursuant to 18 U.S.C. § 3582(c).

On May 4, 2007, West was paroled from his Illinois imprisonment and taken into federal custody. The BOP deemed West's federal term of imprisonment to have commenced on September 18, 2006, the date that the federal sentence was imposed. Additionally, three days of prior custody time were credited to West's federal sentence.

West's current projected release date is calculated by projecting Good Conduct Time credit of 54 days a year, commencing at the completion of his first year of imprisonment on his current federal term. See 18 U.S.C. § 3624(c). This is the methodology, based on time served, discussed and validated in *Barber v. Thomas,* 130 S. Ct. 2499 (2011).

West challenges the federal sentence. He also challenges the manner in which the BOP is computing his projected release date and the denial of certain time in state custody as credit toward the federal sentence.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999). He has not met that burden, asserting instead simply that if the trial court could fashion a sentence in a particular way so too could this court.

Insofar as he challenges the terms of his federal sentence, West has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. The savings clause of 28 U.S.C. § 2255(e) is thus not available to him for that purpose.

West has abandoned his claim that the manner of computation of his projected release date is flawed.

West's final claim is that the BOP has improperly denied him credit for a period of time he spent serving Illinois state sentences. West seeks to have presentence credit awarded as a credit to the federal sentence. This cannot be done. The Eleventh Circuit has explained that "the word concurrent . . . does not mean that the two sentences hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder,* 445 F.3d 1282, 1284 (11th Cir. 2006) (alteration in original) (internal citation and punctuation omitted). Additionally, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson,* 503 U.S. 329, 337 (1992); *see also Gigsby v. Bledsoe*, 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). In *Gigsby*, the Seventh Circuit determined that where the state credited the petitioner for time spent in custody before the commencement of his federal sentence, he was not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. *Gigsby*, 223 Fed.Appx at 489.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States."*Rose vs. Hodges,* 423 U.S. 19, 21 (1975). As explained above, West has failed to show that the BOP has improperly denied him credit toward that sentence. He

has also failed to show that the savings clause of 28 U.S.C. § 2255(e) permits him to challenge the federal sentence. Accordingly, West has failed to show that he is entitled to habeas corpus relief and his petition for a writ of habeas corpus must be **denied**.

**II.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/30/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY WEST     06340-025
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel